UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JULIAN OKEAYAINNEH** | : | **DOCKET NO. 19-cv-0150** |
| REG. # 20515-112 | | **SECTION P** |
| **VERSUS** | : | **JUDGE DOUGHTY** |
| **U.S. DEP'T OF JUSTICE, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an amended complaint [doc. 11] filed by pro se plaintiff Julian Okeayainneh under *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), and the Federal Tort Claims Act, 28 U.S.C. § 2671. Okeayainneh is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

### I.
#### BACKGROUND

Okeayainneh brings suit against the United States Department of Justice, former United States Attorney for the District of Minnesota B. Todd Jones, Assistant United States Attorneys Ann Marie Anaya and Lolita Aime Vasquez-Aguilu, IRS agent James Shoup, BOP Regional Director Matt Mangold, and FCIO Warden R. Myers. He claims he is subjected to "unlawful imprisonment" and appears to challenge his 2012 conviction in the United States District Court for the District of Minnesota, of bank fraud, wire fraud, identity theft, and related charges. Doc. 11; *see United States v. Okeayainneh et al.*, No. 0:11-cr-0087(1) (D. Minn. Aug. 15, 2012).

On appeal, the Eighth Circuit affirmed Okeayainneh's conviction but found that a sentencing enhancement had been misapplied and remanded the case for resentencing. *United*

*States v. Adejumo*, 772 F.3d 513 (8th Cir. 2014). Okeayainneh sought relief through a § 2255 motion and other pro se motions collaterally attacking his conviction, filed in the District of Minnesota, which the court denied. *United States v. Okeayainneh*, 2015 WL 13358236 (D. Minn. Dec. 21, 2015). He also appealed his new sentence to the Eighth Circuit, which denied relief on September 9, 2016. *United States v. Okeayainneh*, 668 Fed. App'x 681 (8th Cir. 2016). Okeayainneh then filed a second § 2255 motion and other collateral attacks on his conviction in the trial court, which denied same on August 1, 2018. *Okeayainneh*, No. 0:11-cr-0087(1), at doc. 1256. Okeayainneh appealed the court's ruling to the Eighth Circuit, which denied a certificate of appealability and dismissed the appeal on December 21, 2018. *Id.* at doc. 1276. Most recently, Okeayainneh filed two "Motions to Take Notice of Adjudicative Facts" in the trial court in January 2019, which are still pending. *Id.* at docs. 1277, 1279. He also filed a civil rights suit in the United States District Court for the Northern District of Texas against the United States Department of Justice and the Office of Personnel Management, seeking declaratory and injunctive relief based on FOIA requests he had issued to those agencies. *Okeayainneh v. U.S. Dep't of Justice*, No. 3:18-cv-1195 (N.D. Tex.). That suit is still pending. *Id.*

In the instant suit Okeayainneh raises numerous claims challenging his conviction and sentence. Doc. 11. He also complains that the BOP has transferred him to FCIO in retaliation for/an effort to obstruct his efforts at obtaining post-conviction relief, and that his term of imprisonment is somehow invalidated by an alleged trial court order vacating his restitution obligation. *Id.* at 10–11. In relief he seeks compensatory and punitive damages.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Okeayainneh has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

The Civil Rights Act of 1871 created a broad right of action for damages against state officials for "deprivation of **any** rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983 (emphasis added); *see Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854 (2017). However, it did not create an analogous remedy for constitutional violations by federal officials. No such right of action existed until the Supreme Court's decision in *Bivens*, supra, exactly one hundred years later. *Abbasi*, 137 S.Ct. at 1854. Under *Bivens*, the Court has provided a damages remedy for persons injured by federal officials who violate their rights under the Fourth Amendment's protection against unreasonable searches and seizures, the Fifth Amendment's Due Process clause,

and the Eighth Amendment's prohibition against cruel and unusual punishment. *Bivens*, 91 S.Ct. at 2004–05; *Davis v. Passman*, 99 S.Ct. 2264 (1979); *Carlson v. Green*, 100 S.Ct. 1468 (1980). As the Court recently noted, "[t]hese three cases . . . represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Abbasi*, 137 S.Ct. at 1855. In the decades since, the Court has made

> [a] notable change in [its] approach to recognizing implied causes of action, [and] made clear that expanding the *Bivens* remedy is now a "disfavored" judicial activity. *Iqbal,* 556 U.S., at 675, 129 S.Ct. 1937. This is in accord with the Court's observation that it has "consistently refused to extend *Bivens* to any new context or new category of defendants." *Correctional Services Corp. v. Malesko,* 534 U.S. 61, 68, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001). Indeed, the Court has refused to do so for the past 30 years.

*Id.* at 1857. Accordingly, though courts in this circuit previously treated *Bivens* suits as a perfect analog to § 1983 suits, we now exercise hesitancy in determining whether *Bivens* remedies are available in contexts not yet recognized by the Supreme Court. *See Butts v. Martin*, 877 F.3d 571, 588 (5th Cir. 2017) (remanding case to district court for consideration of whether *Bivens* provided a remedy for plaintiff's free exercise claim).

### C.  FTCA

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the FTCA, 28 U.S.C. § 2671 *et seq.*, which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA files his tort claims directly against the United States, rather than the individual government actor. *See Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit). Such claims are

analyzed under the law of the place where the act or omission occurred. *Sheridan v. United States*, 108 S.Ct. 2449, 2454 (1988) (citing 28 U.S.C. § 1346(b)). Under the FTCA, a plaintiff is required to properly present his claims to the government agency before filing suit.[1] *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). This presentment requirement is satisfied by the claimant if he "(1) gives the agency written notice of his . . . claim sufficient to enable the agency to investigate and (2) places a value on his . . . claim." *Pleasant v. United States ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 449 (5th Cir. 2014) (quoting *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980)).

### D. Application

Okeayainneh's complaint about his transfer to FCIO may be construed as a denial of access to the courts or retaliation claim. As this court has already ruled, however, retaliation claims are not cognizable under *Bivens*. *See Butler v. Porter*, 2018 WL 6920355 (W.D. La. Sep. 10, 2018); *report and recommendation adopted*, 2019 WL 81677 (W.D. La. Jan. 2, 2019) (appeal filed). To the extent that a denial of access to the courts claim remains viable, under the limits emphasized by the Supreme Court in *Abbasi* and recognized by the Fifth Circuit in *Butts*, supra, Okeayainneh fails to show a right to relief. To prevail on such a claim, a petitioner must show both (1) that he was shut out of the courts by the defendant's actions and (2) that the claims he would have raised, if allowed, are nonfrivolous. *Mauro v. Freeland*, 735 F.Supp.2d 607, 620 (S.D. Tex. 2009). The Eighth Circuit granted relief by remanding Okeayainneh's case for resentencing in 2014, but since that time no court has found merit to his continuous attacks on his conviction and sentence. To the

---

[1] The FTCA provides, in relevant part:
> An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

extent that Okeayainneh would claim that transfer or denial of records impeded his ability to pursue any of these claims, he fails to show merit or support for any of his allegations.

As for Okeayainneh's claims of "unlawful imprisonment," he is currently in jail on a conviction and sentence sustained on appeal and post-conviction relief. Any attack on these judgments is thus barred under *Heck v. Humphrey*, 114 S.Ct. 2364 (1994), which prohibits plaintiffs from using a civil suit to challenge their convictions and sentence unless they can show that the judgments have been overturned or otherwise called into question. To the extent that Okeayainneh wishes to continue mounting collateral attacks on his conviction or sentence, he must do so through another § 2255 motion filed in the trial court or in a habeas petition filed under 28 U.S.C. § 2241 in his district of incarceration, if he can satisfy the requirements of 28 U.S.C. § 2255(h).

### III.
#### CONCLUSION

For the reasons stated above, Okeayainneh has not stated a claim for relief under *Bivens* or the FTCA. His claims are more suited to post-conviction proceedings in the court where he was convicted or a habeas proceeding under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Adoption of this recommendation should count as a strike under § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 28th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE